**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0224-18T2

O'NEIL BARCLAY,

     Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent.

_____

Submitted February 26, 2020 – Decided March 31, 2020

Before Judges Fuentes and Mayer.

On appeal from the New Jersey State Parole Board.

O'Neil Barclay, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Suzanne Marie Davies, Deputy Attorney General, on the brief).

PER CURIAM

Appellant O'Neil Barclay appeals from a May 21, 2018 New Jersey State Parole Board (Board) final agency decision denying parole and establishing a thirty-six-month future eligibility term (FET). We affirm.

Barclay is currently serving a fifty-one-year sentence for kidnapping, aggravated sexual assault, armed burglary, terroristic threats, false swearing, and possession of a weapon for an unlawful purpose. These offenses were committed in 1995.

Barclay first became eligible for parole on May 21, 2017. In February 2017, a hearing officer referred the matter to a two-member Board panel for a hearing.

On March 17, 2017, the panel denied parole and established a twenty-seven-month FET. Denial of parole was based on the following findings: (1) the serious nature of the offenses, specifically, kidnapping and sexual assault; (2) extensive prior offense record; (3) the increasingly serious nature of the criminal record; (4) commitment to incarceration for multiple offenses; (5) the commission of institutional infractions with the most recent infraction occurring in July 2001; (6) insufficient problem resolution, noting appellant "denies the sexual assault of which he was convicted. He has no understanding of his criminal sexual behavior and his violent actions towards women"; and (7) the

results of an objective risk-assessment evaluation indicating a moderate risk of recidivism.

The panel also found the following mitigating factors: (1) participation in programs specific to behavior; and (2) institutional reports reflect favorable institutional adjustment; and (3) participation in institutional programs.

Barclay appealed the panel's decision to the full Board. On July 21, 2017, the Board panel vacated its March 17, 2017 decision as the panel mistakenly applied the "'reasonable expectation' standard" in reviewing the request for parole. Because Barclay's offenses were committed prior to August 19, 1997,[1] the panel was required to apply a preponderance of the evidence standard and determine whether there was a substantial likelihood Barclay would commit a new crime if released on parole.

Consequently, on December 14, 2017, Barclay received a second parole hearing. The matter was again referred to a two-member Board panel. On January 19, 2018, the panel denied parole under the correct standard of review,

---

[1] N.J.S.A. 30:4-123.53(a), governing parole eligibility, was amended on August 19, 1997. However, parole for a conviction based on offenses committed prior to that date is "governed by the standard[s] in N.J.S.A. 30:4-123.53(a) and 30:4-123.56(c) prior to the amendment of those statutes . . . ." Perry v. N.J. State Parole Bd., 459 N.J. Super. 186, 194 (App. Div. 2019) (alteration in original) (quoting Williams v. N.J. State Parole Bd., 336 N.J. Super. 1, 7 (App. Div. 2000)).

A-0224-18T2

and established a thirty-six-month FET. The panel based its decision on the same factors set forth in the March 17, 2017 decision. Regarding Barclay's insufficient problem resolution, the panel explained Barclay's "view of himself is somewhat outsized compared with the reality of his behavior and record. His desire to improve his education may be the route to success in the future but he does not appear to be quite ready at this time."

At the second parole hearing, the panel found the following mitigating factors: (1) participation in programs specific to behaviors; (2) participation in institutional programs; (3) institutional reports reflecting favorable institutional adjustments; (4) restoration of commutation time; and (5) receipt of an associate's degree.

On May 21, 2018, the full Board affirmed the panel's determination to deny parole and impose a thirty-six-month FET. The Board explained "parole decisions and the establishment of future parole eligibility terms rendered by the Board panels are mutually exclusive. Each Board panel has the authority to consider the aggregate of information and to weigh these factors as deemed appropriate." The Board cited N.J.A.C. 10A:71-3.21(a)(1), which provides the presumptive parole eligibility term for an inmate convicted of first-degree kidnapping and first-degree sexual assault is twenty-seven months, and noted

the "term may be increased or decreased by nine (9) months when the severity of the crime, the prior criminal record or other characteristics warrant an adjustment."  N.J.A.C. 10A:71-3.21(c).  The Board determined Barclay's mitigating factors "did not warrant a decrease of the presumptive term and imposed a thirty-six (36) month future eligibility term."

On appeal, Barclay argues that the Board's decision was arbitrary, capricious, and unreasonable.  Specifically, he claims the Board's imposition of a thirty-six-month FET, increased from a twenty-seven-month FET, "without finding any new intervening factors is . . . vindictive."  We disagree.

Our standard of review of administrative decisions by the Board is limited.  Trantino v. N.J. State Parole Bd., 166 N.J. 113, 199-200 (2001) (Baime, J., dissenting).  In reviewing a final decision of the Board, this court considers: (1) whether the Board's action is consistent with the applicable law; (2) whether there is substantial credible evidence in the record as a whole to support its findings; and (3) whether in applying the law to the facts, the Board erroneously reached a conclusion that could not have been reasonably made based on the relevant facts.  Trantino v. N.J. State Parole Bd., 154 N.J. 19, 24 (1998).  Consequently, where the Board has applied the correct legal standard, our role is limited to determining whether the decision was arbitrary, capricious, or

unreasonable. <u>McGowan v. N.J. State Parole Bd.</u>, 347 N.J. Super. 544, 563 (App. Div. 2002). "The burden of showing that an action was arbitrary, unreasonable or capricious rests upon the appellant." <u>Ibid.</u>

We are satisfied the Board thoroughly reviewed the relevant evidence and statutory factors, as well as the mitigating factors, in denying parole. In addition, the Board had the discretion to increase the presumptive twenty-seven-month FET by as much as nine months and did so in this case based on the nature of Barclay's offenses and his other cited characteristics, warranting the upward adjustment.

Having reviewed the record, we are satisfied that the Board's denial of Barclay's parole and the imposition of a thirty-six-month FET was supported by sufficient credible evidence in the record and was neither arbitrary, capricious, or unreasonable. We find Barclay's additional contentions lack sufficient merit to warrant discussion in a written decision. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0224-18T2